## Lavina Hall v. Adolph Pfnister et al.

1. **Drains and Drainage**—*Ditches Under the Statute—Agreements Necessary.*—Before drains can be constructed upon, over or across the lands of adjoining land owners, under section 187 of chapter 42, R. S. (Hurd's R. S. 1899, 717), the parties whose interest is affected thereby must mutually agree upon the construction of the same.

2. **Same**—*Effect of Mutual Agreements by Adjoining Land Owners.*— Where a drain is constructed by mutual agreement of two adjoining land owners, and by mistake as to the location of the line it is constructed wholly upon the land of one of them. such owner, after utilizing the drain, will not be sustained in obstructing it because of its mistaken location.

**Bill for an Injunction.**—Obstruction of drains. Appeal from the Circuit Court of Clay County; the Hon. Samuel L. Dwight, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

Rose & Bonney, attorneys for appellant.

Williams & Boyles, attorneys for appellees.

Mr. Justice Worthington delivered the opinion of the court.

This was a suit brought in the Clay County Circuit Court under sections 187 and 189 of Chap. 42, Hurd's Stat. (Ed. 1899), by appellees against appellant, for placing obstructions in a certain drain, or ditch, and asking for an injunction to restrain appellant from placing obstructions in said ditch or drain, and to keep the same open for the free flow of water.

Appellees allege that they, appellant, and George S. Lewis, entered into a mutual agreement, as adjoining landowners, that they would, and that, in pursuance of said agreement, that they did construct the said drain, by mutual license, for their mutual benefit; that said line was specifically marked out and designated, etc.

The court found that the equities of the cause are with the appellees, and by decree, granted the relief sought for in appellees' bill, and further ordered mandatory injunction,

restraining appellant from operating and using said dams, and decreed that appellant pay the cost of suit.

Before such drains can be constructed upon, over or across the lands of adjacent or adjoining land owners, under the statute involved in this case, the parties whose interest is affected thereby must mutually agree upon the construction of such drain.

Counsel for appellant, in their brief, say:

"The only question before this court is, ' Was the agreement between the complainants (appellees), the defendant (appellant) and George S. Lewis, made and entered into at the time and in the manner alleged in the bill ?'"

This singles out but one issue, an issue of fact, for this court to review.

The chancellor heard the case upon oral testimony. His finding should not be set aside unless unsupported by evidence. Burgett v. Osborne, 172 Ill. 227.

Instead of not being supported by the evidence, we think it is clearly supported by a preponderance of the testimony. That there was a ditch opened by consent or agreement of the adjoining land owners, of whom appellant and appellees were a part, appears from the testimony of John P. Pfnister, Adolph Pfnister and George S. Lewis, and this testimony is in some degree corroborated by John Hall, the agent, and a witness for appellant. It also appears that this ditch or drain was utilized until closed or impaired by appellant. The fact that when made it was supposed to be on the Pfnister side of the boundary line between their land and appellant's land, but that a subsequent survey showed it to be on appellant's side of the line can make no difference. If it was constructed by mutual agreement of the adjoining land owners, the agreement could not be broken because it turned out to be on appellant's land instead of the land of his neighbor.

Decree and judgment affirmed.